IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE LOPEZ ALVARADO,

                     Petitioner,

  v.                                                   OPINION and ORDER

E. EMMERICH,                                       25-cv-15-jdp

                     Respondent.

---

Petitioner Jose Lopez Alvarado, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Alvarado contends that a disciplinary hearing officer deprived him of 41 days of good-conduct time based on an erroneous determination that items recovered from his cell were an improvised heating device called a "stinger." Alvarado brings a due process claim and seeks restoration of his good-conduct time.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition with prejudice because it plainly appears that Alvarado's due process claim lacks merit.

I begin with the background. In June 2024, Alvarado received an incident report for possessing a hazardous tool. Dkt. 1-1 at 2. The report stated that Counselor Thistle conducted a random search of Alvarado's cell and discovered an unauthorized prison-made hazardous tool and an unauthorized outlet in the common area of the cell hidden under the lower locker. *Id.* Thistle wrote that the device was a stinger and described it as follows:

> one broken metal single gang outlet face plate cover with two broken toothbrushes between them and two green electrical wires (one approximately 17-inches and one approximately 9-inches) with wire nuts on the other end for connecting into an electrical circuit. The outlet is a 20amp [ground fault circuit interrupter], which has two 12-inch wires . . . connected to it.

*Id.*

Officer L. Russell held a disciplinary hearing in July 2024. Dkt. 1-2 at 2. In his report, Russell wrote that a Spanish translator was used for the hearing. *Id.* at 2–3. Russell further wrote that he reviewed Alvarado's due process rights, Alvarado said that he understood those rights, and he declined to have a staff representative or call any witnesses. *Id.* at 3. As summarized in the report, Alvarado stated that he had requested a work order for exposed wires in a light fixture and that the wires came from the fixture. *Id.* at 2, 4. Alvarado also took responsibility for the items found under the locker, stating that "someone had to." *Id.* Russell found Alvarado guilty of possessing a hazardous tool, determining that Thistle recovered a stinger from under his locker. *Id.* at 2. Among other evidence, Russell relied on Thistle's report, Alvarado's admission of guilt, and a photograph of the items recovered. *Id.* at 3–4. Alvarado's administrative remedy appeal was denied. Dkt. 1-3 at 2–5.

Due process requires prisoners in disciplinary hearings receive: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). "[S]ome evidence" must support Russell's decision. *Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). Only the "some evidence" requirement is at issue here.

2

The "some evidence" requirement is quite lenient; sanctions imposed in a prison disciplinary hearing are subject to the "narrowest judicial review." *See United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007). The issue is whether there is any evidence in the record, even just a "modicum," that could support the hearing officer's decision. *Hill*, 472 U.S. at 455–56. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455.

Some evidence supports Russell's decision. Russell relied on, among other evidence, Thistle's report, Alvarado's admission of guilt, and a photograph of the recovered items. Thistle's report specifically described the recovered items and explained that they "routinely trigger and flip electrical breakers in the housing unit, . . . which causes power outages through a wide range of cells," requires staff to "manually reset the breakers," and "creates a vital disruption to the safety and security of the institution for both staff and inmates." Dkt. 1-1 at 2. This report is some evidence that the recovered items were "hazardous to institutional security or personal safety." *See* 28 C.F.R. § 541.3, Table 1, Prohibited Act Code 108; *cf. McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019) ("Deference must be accorded to prison administrators in the adoption and execution of policies and practices that are needed to preserve order and ensure institutional security."). The photograph of the recovered items and Alvarado's admission of guilt support Thistle's report.

Alvarado accuses Thistle of lying in the report. Dkt. 1 at 5, 10. Alavarez says that recovered items were separate from each other and that Thistle put them together and photographed them to create the appearance of a stinger. *Id.* at 9. But Alvarez didn't make this argument at his disciplinary hearing, and the "due process clause does not require later

3

consideration of evidence that could have been but was not presented during a prison disciplinary proceeding." *Jones v. McCaughtry*, 6 F. App'x 371, 372–73 (7th Cir. 2001). In any case, Alvarez's new allegations don't undermine the decision because Russell also relied on the admission of guilt. *Cf. Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996) (stating that it is generally immaterial that a prisoner has presented exculpatory evidence at a disciplinary hearing unless the evidence "directly undercuts" the reliability of the evidence on which the hearing officer relied).

Alvarez also contends that Russell's decision was erroneous because he claimed ownership of the recovered items to protect his cellmate. Dkt. 1 at 11. But "constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access." *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). Alvarado says that "hundreds" of prisoners had stayed in his cell and could have left the recovered items. Dkt. 1 at 11. This contention doesn't warrant relief because Alvarado didn't raise it at the disciplinary hearing. *See id.*; *Jones*, 6 F. App'x at 372–73.

## ORDER

IT IS ORDERED that:

1. Petitioner Jose Lopez Alvarado's petition, Dkt. 1, is DISMISSED with prejudice.
2. The clerk of court is directed to enter judgment and close the case.

Entered January 23, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge